UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WHITWORTH                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 4:05CV92-MPM-JAD

GEORGE BEDFORD, ET AL.                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

The undersigned has considered the plaintiff's motion for temporary restraining order (Doc. 19). The plaintiff claims that the defendants have a history of retaliating against prisoners who have filed lawsuits against them and that they have in fact retaliated against him, particularly by not providing medical care for the plaintiff. He seeks injunctive relief requiring medical care; requiring the defendants to keep the plaintiff in his preferred job; and prohibiting them from transferring him to another correctional facility.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) (citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." Id. at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the preliminary injunction will not disserve the public interest. Id. at 572. These requirements are not balanced, but rather each one must be met before the court can

grant such a drastic remedy as a temporary restraining order or preliminary injunction. <u>Mississippi Power & Light</u>, 760 F.2d at 621. In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. <u>Id</u>. at 573.

Whitworth is not entitled to the treatment that judges might prefer, or medical treatment or therapy equivalent to that provided by Medicaid or Medicare. <u>Ruiz v. Estelle</u>, 679 F.2d 1115, 1149 (5th Cir. 1982). Moreover, he has no right to the "best" medical treatment available. <u>McMahon v. Beard</u>, 583 F.2d 172, 174 (5th Cir. 1978). He certainly does not enjoy a right to medical treatment on demand. It therefore does not appear that Whitworth is likely to prevail on the merits. Additionally he will not suffer irreparable harm if he should lose his prison job or if he should be transferred to another facility.

Additionally, the motion appears to have never been served upon any of the defendants. For these reasons, the undersigned recommends that the motion for temporary restraining order be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

THIS the 15th day of November, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE